No. 44        January 28, 2014        345

## IN THE OREGON TAX COURT
## REGULAR DIVISION

MULTNOMAH COUNTY ASSESSOR,
*Plaintiff,*

*v.*

Michael CHEN,
*Defendant.*

(TC 5174)

Plaintiff Multnomah County Assessor (the county) appealed from a Magistrate Division decision as to real market value of property. Defendant (taxpayer) had prevailed in the Magistrate Division, arguing that the real market value was derived from the foreclosure purchase price of the subject property, time-trended to the assessment date that was twelve months prior to taxpayer's date of purchase. Following trial, the court held that the county had met its burden of proof as to value, because taxpayer introduced little evidence, primarily due to his failure to comply with the evidence exchange requirements of Tax Court Rule 56 and his failure to survive evidentiary objections.

Trial was held by telephone on December 10, 2013.

Lindsay R. Kandra, Multnomah County Counsel, Portland, argued the cause for Plaintiff (the county).

Defendant Michael Chen (taxpayer) argued the cause *pro se.*

Decision for Plaintiff rendered January 28, 2014.

### HENRY C. BREITHAUPT, Judge.

This matter is before the court after a trial held, with the agreement of both parties, by telephone on December 10, 2013.

In this case, Plaintiff is Multnomah County Assessor (the county). The issue is the real market value of the subject property identified as account R103905, owned by Defendant Michael Chen (taxpayer) as of the assessment date of January 1, 2011.

Taxpayer purchased the subject property on December 30, 2011, in a foreclosure sale. Taxpayer relies heavily on that sale as an indicator of value for the property as of one year earlier. Taxpayer also points to sale

information on one neighboring residence house, also sold in a foreclosure proceeding. Taxpayer introduced little evidence, primarily due to his failure to comply with the evidence exchange requirements of Tax Court Rule (TCR) 56 and his failure to survive evidentiary objections.

The county, as the appellant, bears the burden of proof. ORS 305.427. The county provided the court with an appraisal report of a qualified appraiser and the testimony of that person. The appraiser made an analysis of the impact in the market place of the foreclosure process, concluding that a significant market conditions adjustment is needed to make foreclosure sales evidence reliable in determining real market value. The court finds this evidence credible and persuasive and sufficient to satisfy the burden of proof borne by the county.

The court finds that the real market value of the subject property as of January 1, 2011, was as is now shown on the assessor's value on the roll.

Counsel for the county is directed to submit an appropriate form of judgment. Now, therefore,

IT IS THE OPINION OF THIS COURT that the real market value of the subject property as of January 1, 2011, was as is now shown on the assessor's value on the roll.